# EXHIBIT 1

STATE OF MINNESOTA

COUNTY OF OLMSTED

DISTRICT COURT

THIRD JUDICIAL DISTRICT
Case Type: CIVIL OTHER

---

Venstar, LLC d/b/a Creekside Holdings, LLC
a/k/a Creekside DC, LLC

              Plaintiff,

vs.

City of Rochester,

              Defendant.

Court File No.: _____

**SUMMONS**

---

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT.

      **1. YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

      **2. YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

> Felhaber Larson
> Attn: Thomas J. Radio
> 220 South Sixth Street, Suite 2200
> Minneapolis, MN 55402

      **3. YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

      **4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS**. If you do not answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

4723294.v1

Filed in District Court
State of Minnesota
4/29/2026 11:11 AM

**5. LEGAL ASSISTANCE**. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights, or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION**. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

This is a declaratory judgment action.

Dated: April 29, 2026

**FELHABER LARSON**

By:   */s/ Thomas J. Radio*

Thomas J. Radio, 0137029
Lauren C. Janochoski #0401197
220 South 6th Street, Suite 2200
Minneapolis, Minnesota 55402
Phone: (612) 339-6321
tradio@felhaber.com
ljanochoski@felhaber.com

**ATTORNEYS FOR PLAINTIFF**

2

4723294.v1

Filed in District Court
State of Minnesota
4/29/2026 11:11 AM

STATE OF MINNESOTA                             DISTRICT COURT

COUNTY OF OLMSTED                             THIRD JUDICIAL DISTRICT
                                             Case Type: CIVIL OTHER

Venstar, LLC d/b/a Creekside Holdings, LLC          Court File No.: _____
a/k/a Creekside DC, LLC

                        Plaintiff,

vs.                                              **COMPLAINT**

City of Rochester,

                        Defendant.

Plaintiff Venstar, LLC d/b/a Creekside Holdings, LLC a/k/a Creekside DC, LLC ("Plaintiff" or "Venstar" or "Creekside"), as and for its Complaint against Defendant the City of Rochester ("Defendant" or "Rochester" or "City"), hereby states and alleges as follows:

## **PARTIES**

1.    Plaintiff Venstar, LLC d/b/a Creekside Holdings, LLC a/k/a Creekside DC, LLC is a Minnesota limited liability corporation with its principal place of business located at 7803 Glenroy Rd. 104, Minneapolis, Minnesota 55439.

2.    Defendant City of Rochester ("the City") is a municipal corporation organized under the laws of the State of Minnesota and located in Olmsted County.

3.    Jurisdiction and venue are proper in this Court because a substantial portion of the events giving rise to the litigation took place in Olmsted County, Minnesota and the City is located within this forum.

## **NATURE OF ACTION**

4.    On July 7, 2004, Rochester City Council passed Resolution 350-04, titled "Resolution Establishing Traffic Improvement District Program" (the "Resolution"). The

4723294.v1

Filed in District Court
State of Minnesota
4/29/2026 11:11 AM

Resolution is attached as **Exhibit A** and incorporated by reference. The Resolution allows the City, by additional resolution, to create a Transportation Improvement District ("TID") for any area of the City "experiencing or anticipating new growth and substandard streets."

5.    The purpose of the Resolution is to shift the burden of paying for transportation infrastructure improvements from the public to developers, regardless of actual infrastructure needs occasioned by development. The Resolution states that each TID receives a "cost allocation" equal to "75% of the costs of all the transportation projects within the TID." The total costs of transportation projects include design and engineering costs, "acquisition of right-of-way" costs, and construction costs. The cost allocation is broken down into two categories: Substandard Street Reconstruction Costs ("reconstruction costs") or Substandard Street Capacity Costs ("capacity costs") (collectively, "TID fees"). Developers in a TID collectively bear 50% of total reconstruction costs and 100% of total capacity costs. Individual developers are allocated TID fees on a per-acre or trip-generated basis, according to an ad hoc formula. The City demands payment of TID fees as a condition of development agreements.

6.    The City's TID fees are contrary to Minnesota law. TID fees: (1) are in the form of a predetermined money payment; (2) are adopted pursuant to local government powers to regulate new growth and purportedly provide adequate public facilities and services; (3) are intended to fund large-scale, off-site public facilities and services purportedly necessary to serve new development; and (4) are in an amount which is purported to be proportionate to the need for the public facilities generated by new development. These qualities of TID fees mirror those of the illegal and unauthorized impact fee in *Country Joe v. City of Eagan*, 560 N.W.2d 681, 685 (Minn. 1997).

2

4723294.v1

7. To remove the appearance of illegality, the Resolution states that payment of TID fees is completely voluntary and no compulsion or coercion is used to obtain developers' agreement to pay them. But TID fees are "voluntary" in name only. The Resolution explains that a developer's alternative to paying TID fees is an indefinite development moratorium-a "very restrictive condition" restricting all development until public facilities are deemed adequate by the City. The City holds developers' land hostage until developers agree to fund the City's wish-list of offsite infrastructure projects.

8. The Minnesota Supreme Court recently confirmed municipalities may not use "voluntary" contracts to strongarm developers into paying unauthorized transportation infrastructure fees. "[N]o part of Minn. Stat. § 462.358 [subdivision regulation statute] authorizes a statutory city to impose an infrastructure charge." *Harstad v. City of Woodbury*, 916 N.W.2d 540, 546 (Minn. 2018). "[B]ecause the statute does not authorize a statutory city to condition subdivision approval on an infrastructure charge, such a condition cannot be memorialized in a contract." *Id.* at 549. "[T]he pearl of great price here is approval of the subdivision agreement. A developer who fails to make a 'voluntary' payment in an amount [the City] finds acceptable faces the prospect of denial of the subdivision application. The infrastructure charge is thus a requirement and . . . there is nothing voluntary about it." *Id*.

9. TID fees are particularly coercive because the City sends the TID bill midway through the development process, after developers make significant investments. Moreover, the City keeps calculation of TID fees a secret. The City does not give developers advance notice of the amount of TID fees or the detailed formula used to calculate them. The City does not publish which construction projects are in a TID, the total costs of these projects, the way these costs are allocated, or whether TID fees are updated to account for changes in costs, revenue projections, or

3

4723294.v1

patterns of development. The Resolution gives the City discretion to change the TID cost allocation to whatever it deems "more proportional or equitable." The net result is that many developers, including Plaintiff, receive a surprise TID bill, in an unassailable total amount, at a time when the only practical option remaining is to pay it.

10. Even opting out is not a real option. The City's policy is to specially assess TID fees against developers who try to opt out. The City's website, a true and correct copy of which is attached as **Exhibit B**, reflects the City's policy by identifying TID fees as one of "[t]he most common improvements assessed by the City."

11. Minnesota case law reflects the City's custom of assessing "voluntary" TID fees. *See, e.g., DeGeus Props. LLC v. City of Rochester*, No. 55-CV-10-4211, Verified Compl. 155, (Olmsted Cty. Distr. Ct. filed June 7, 2010).

12. In specially assessing TID fees, the City blatantly disregarded the advice of its city attorney, who wrote in a June 9, 2004, memorandum to City Council:

> If the City wishes to involuntarily impose a special assessment on property benefiting from a street improvement, the City can do so. But, the amount of the assessment is limited to the amount of increased market value the property experiences as a result of the improvement. A TID charge is NOT intended to be a special assessment charge.

A copy of the memo is attached as **Exhibit C**.

13. Since the Resolution's inception, TID fees have served their essential purpose of providing the City a lucrative source of cash, which comes free of the political ramifications of increased taxation. On information and belief, the City has collected tens of millions of dollars in TID fees since adopting the Resolution from developers similarly situated to Plaintiff.

14. Despite numerous post-*Harstad* protests, the City has continued to impose arbitrary and unlawful fees.

4

4723294.v1

Filed in District Court
State of Minnesota
4/29/2026 11:11 AM

## **FACTUAL BACKGROUND**

15.     The City established the Westside TID in 2006 encompassing 9,868 acres of land, at an estimated 75% cost of Fifty-Four Million Six Hundred and Sixty-Seven and Eighty-Nine and 0/100 Dollars ($54,667,089.00).

16.     Plaintiff's property is situated in the southwest quadrant of 19th Street Northeast and West Circle Drive Northwest ("Venstar Property") and is in the Westside TID.

17.     On February 3, 2015, Plaintiff entered into a development agreement ("Development Agreement") with the City for the development of the Venstar Property. A copy of the Development Agreement is attached as **Exhibit D** and incorporated by reference.

18.     Prior to entering into the Development Agreement, Plaintiff incurred over $400,000 in pre-development costs in site preparation, soils correction, design, and traffic studies.

19.     Among the owner obligations outlined in the Development Agreement is the payment of charges or fees under the Westside TID concurrent with the development of lots in the Venstar Property. These charges or fees are required in order to obtain a building permit issued by the City.

20.     Venstar retained SFR Consulting Group, Inc. ("SFR") to conduct traffic impact studies for its development.

21.     In a report, dated May 9, 2013, SRF concluded that no traffic mitigation was necessary due to the Venstar development.

22.     After receiving this report, on information and belief, the City contacted SRF, without the permissions or knowledge of Plaintiff, and requested SRF issue a new report, dated August 9, 2013, to suggest a traffic circle be constructed.

5

23.     The City then conditioned approval of the Development Agreement upon Plaintiff's sale of 0.34 acres to the City, even though the City stated in Section 9(d)(v) that "under the TIR dated 8/9/13 by SFR Consulting, Owner is not obligated to provide any traffic mitigation; however, as City has required for approval of this Development Agreement, Owner agrees to sell to the City 0.34 acres. …"

24.     Plaintiff recorded the Creekside Subdivision Plat on August 7, 2015, subdividing the Venstar Property into several parcels/lots.

25.     On July 12, 2021, the City invoiced Plaintiff for Seventy-Six Thousand and Eight Hundred and Three and 0/100 Dollars ($76,803.00) for its obligation under the Westside TID (the "TID Fee").

26.     On July 12, 2021, Plaintiff involuntarily paid the TID Fee under protest and duress.

27.     For reasons unknown and unclear to Plaintiff, the City failed to acknowledge receipt of the TID Fee by Plaintiff in July 2021 and did not cash the check until December 2021. As a result, finance charges continued to accrue through at least the end of 2021.

## COUNT I
## DECLARATORY JUDGMENT

28.     Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

29.     There is a real, immediate, substantial, continuing, and justiciable controversy between the parties requiring the intervention of the Court regarding the legality of the Resolution, the payment by Plaintiff of TID fees, and the refund rights provided by the Resolution.

30.     Plaintiff seeks a declaration that TID fees are illegal, null, void, and unenforceable. TID fees are preempted by law, including Minn. Stat.§ 462.358. TID fees violate Minn. Stat. § 462.353, subd. 4(a), which states municipal fees must be "by ordinance" and "must be fair,

6

4723294.v1

Filed in District Court
State of Minnesota
4/29/2026 11:11 AM

reasonable, and proportionate and have a nexus to the actual cost of the service for which the fee is imposed." The City adopted TID fees by resolution, not ordinance.

31.    TID fees are not fair, reasonable, or proportionate, nor do they have a nexus to the actual cost of the service for which the City seeks to impose the fee. TID fees unduly burden the rights of Plaintiff under the Takings Clauses of the Minnesota and United States Constitutions. The City exacted TID fees from Plaintiff far out of proportion to the needs created by development to avoid imposing the burden of paying for additional services on all citizens via taxation.

32.    Plaintiff also seeks a declaration that TID fees must be refunded along with any additional charges and/or fees that resulted from the City's unconstitutional actions relating to the same. The Resolution states: "Revenue collected in excess of that ultimately needed in the respective TID must be refunded to the property owners in the TID at the time the TID is dissolved."

33.    Pursuant to Minn. Stat. §§ 555.01.16 and Minn. R. Civ. P. 57, Plaintiff is entitled to a declaration that the TID fee is illegal and must be refunded, plus an award of prejudgment interest, costs, and disbursements.

## COUNT II
## MONEY HAD AND RECEIVED

34.    Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

35.    The City collected $76,803.00 of TID fees from Plaintiff.

36.    The City's exaction of TID fees from Plaintiff was illegal, and Plaintiff involuntarily paid these fees under coercion and duress.

7

4723294.v1

55-CV-26-3020

Filed in District Court
State of Minnesota
4/29/2026 11:11 AM

37.     The City will be unjustly enriched at the expense of Plaintiff if allowed to keep ill-gotten TID fees.

38.     Plaintiff is entitled to judgment against the City for money had and received in an amount exceeding $50,000.00, plus prejudgment interest, costs, and disbursements.

39.     Plaintiff is also entitled to an equitable accounting of TID fees demanded by the City. Equity demands, and the Resolution contemplates, that unspent TID fees be returned at the end of the TID program.

40.     Plaintiff is entitled to a judgment of the Court compelling the City to perform a full accounting of TID fees demanded from Plaintiff, placing all TID fees in constructive trust for the benefit of and refund to Plaintiff, and awarding prejudgment interest, costs, and disbursements.

## COUNT III
## UNJUST ENRICHMENT

41.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

42.     Plaintiff conferred a benefit on the City by paying the TID Fee.

43.     The City accepted the TID fee and retained it.

44.     It is inequitable for the City to retain TID fees, as the City imposed T1D fees illegally and coercively.

45.     As direct result of the City's illegal and coercive imposition of TID fees, Plaintiff is entitled to judgment against the City in the full amount of the TID Fee paid in an amount exceeding $50,000.00, plus prejudgment interest, costs, and disbursements.

8

Filed in District Court
State of Minnesota
4/29/2026 11:11 AM

## COUNT IV
## VIOLATION OF TAKINGS CLAUSE

46. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

47. This count is asserted pursuant to 42 U.S.C. § 1983.

48. "[T]he government may choose whether and how a permit applicant is required to mitigate the impacts of a proposed development, but it may not leverage its legitimate interest in mitigation to pursue governmental ends that lack an essential nexus and rough proportionali1y to those impacts." *Koontz v. St. Johns River Water Mgmt. Dist.,* 570 U.S. 595, 606 (2013). A government's decision to exceed these limits is a "constitutionally cognizable injury." *Id.* at 607.

49. TID fees are unconstitutional exactions that unduly burden the rights of Plaintiff under the Takings Clause of the United States Constitution, as incorporated by the Fourteenth Amendment.

50. TID fees are imposed under color of law and as official policy of the City, per the Resolution.

51. TID fees are not fair, reasonable, or proportionate and lack a nexus to the actual cost of service for which they are imposed.

52. On information and belief, the City calculated the TID fees arbitrarily and without the allocation reductions contemplated by the Resolution, commingled TID fees across TIDs, and spent TID fees on projects far removed from the TID in which they were collected.

53. As a direct result of the City's violation of the Fifth and Fourteenth Amendment rights of Plaintiff, Plaintiff is entitled to damages in an amount exceeding $50,000.00, prejudgment interest, costs, disbursements, and attorney's fees pursuant to 42 U.S.C. § 1988(b).

9

4723294.v1

## COUNT V
## VIOLATION OF DUE PROCESS

54.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

55.     This count is asserted pursuant to 42 U.S.C. § 1983.

56.     If a state actor places a taxpayer under duress to pay a tax promptly when due and relegates him to a post-payment refund action in which he can challenge the tax's legality, the Due Process Clause of the Fourteenth Amendment obligates the State to provide meaningful backward-looking relief to rectify any illegal deprivation.

57.     TID fees are an illegal tax, which the City imposes as a matter of official policy and under color of law, as set forth in the Resolution. The City fails to provide developers with a meaningful opportunity or process to withhold payment and obtain a pre-deprivation determination of the validity of TID fees.

58.     The City does not provide a meaningful disclosure of how TID fees are set.

59.     TID fees must be paid promptly, or developers are unable to proceed with development.

60.     The City does not give developers a meaningful, post-deprivation remedy. There is no meaningful opportunity to be heard.

61.     The total failure of the City to provide an adequate pre- or post-deprivation process to challenge TID fees or seek a refund of TID fees violates Due Process.

62.     As a direct result of the City's violation of the Due Process rights of Plaintiff, Plaintiff is entitled to damages more than $50,000.00, prejudgment interest, costs, disbursements, and attorney's fees pursuant to 42 U.S.C. § 1988 (b).

10

4723294.v1

Filed in District Court
State of Minnesota
4/29/2026 11:11 AM

**WHEREFORE**, Plaintiff Venstar, LLC d/b/a Creekside Holdings, LLC a/k/a Creekside DC, LLC demands judgment against Defendant City of Rochester, as follows:

1.    Declare that the TID Fee imposed by the City is illegal, null, void, and unenforceable;

2.    Declare that the TID Fee must be refunded;

3.    Order a full accounting of TID fees imposed by the City on Plaintiff;

4.    Place all collected TID Fees from Plaintiff in a constructive trust;

5.    Award Plaintiff damages to compensate it for the injuries it suffered because of Defendant's unlawful conduct;

6.    Enter judgment favor of Plaintiff on its claims against Defendant in an amount exceeding $50,000.00, including attorney's fees, the exact amount to be proven at trial;

7.    For Plaintiff's costs, disbursements, and attorney's fees as may be otherwise provided by law;

8.    An award for all pre-judgment and post-judgment interest allowed under Minnesota law; and

9.    For such other and further relief as the Court may deem just and equitable.

Dated: April 29, 2026                    **FELHABER LARSON**

                                   By:    */s/ Thomas J. Radio*
                                          Thomas J. Radio, 0137029
                                          Lauren C. Janochoski #0401197
                                          220 South 6th Street, Suite 2200
                                          Minneapolis, Minnesota 55402
                                          Phone: (612) 339-6321
                                          tradio@felhaber.com
                                          ljanochoski@felhaber.com

                                   **ATTORNEYS FOR PLAINTIFF**

11

4723294.v1

Filed in District Court
State of Minnesota
4/29/2026 11:11 AM

## ATTORNEYS FOR PLAINTIFF
## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded, pursuant to Minn. Stat. § 549.211, subd. 2, to the party against whom the allegations in this pleading are asserted.

Dated:  April 29, 2026                    */s/ Thomas J. Radio*
                                            Thomas J. Radio

12

4723294.v1